IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 7:06-684 |
| | ) | |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| ON GUARD SECURITY SERVICES, INC. | ) | |
| | ) | |

AGREEMENT made this 31st day of May, 2006, between and among the United States of America, as represented by United States Attorney Reginald I. Lloyd, Assistant United States Attorney William C. Lucius; the Defendant, ON GUARD SECURITY SERVICES, INC., and its President, David W. Wall, Sr., and Defendant's Attorney, R. Keith Kelly.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1.  The Defendant, ON GUARD SECURITY SERVICES, INC. through its President, David W. Wall, Sr., agrees to waive Indictment, FED. R. CRIM. P. 7(b), and arraignment, FED. R. CRIM. P. 10 and agrees to plead guilty to an Information charging presenting false claims to the United States, in violation of Title 18 United States Code, Section 287. F.R. CRIM. P. 11.

2.  The Defendant, ON GUARD SECURITY SERVICES, INC. through its President, David W. Wall, Sr., agrees to consent to the commencement of a presentence

investigation immediately, FED. R. CRIM. P. 32(c).

3.     The Defendant, ON GUARD SECURITY SERVICES, INC, and its President, David W. Wall, Sr. understand that in addition to any fines that the Court may impose, the Court will assess a $400.00 special assessment. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as may be requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4.     The Defendant, ON GUARD SECURITY SERVICES, INC. and its President, David W. Wall, Sr. agree to voluntarily forfeit and surrender $260,431.00, and

not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to this $260,431.00 forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The Defendant further agrees to prevent the disbursement, relocation or encumbrance of any such assets and agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above, wherever located. The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominee. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title and the signing of any other documents necessary to effectuate such transfers. The Defendant agrees not to object to any civil forfeiture proceedings brought against these properties pursuant to any provision of law and the Defendant further understands that any such civil proceedings may properly be brought at any time before or after acceptance of Defendant's guilty plea in this matter and agrees to waive any double jeopardy claims he may have as a result of the forfeiture of these properties as provided for by this Agreement.

5. The Attorneys for the Government agree not to prosecute ON GUARD SECURITY SERVICES, INC. or it's President, David W. Wall, Sr, for offenses committed in the District of South Carolina, prior to February 2000, which are the same or similar character as those cited herein, with the understanding by the Defendant and Mr. Wall that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of determining an appropriate sentence, and such other offenses, if any, may be considered, advisorily, as relevant conduct pursuant to Section 1B1.3 of the United States Sentencing Commission Guidelines, FED R. CRIM. P. 8(a).

6. The Defendant, ON GUARD SECURITY SERVICES, INC., understands that the United States Sentencing Guidelines are advisory, and will be reviewed by the Court in determining a reasonable sentence. The Defendant further understands that in addition to the United States Sentencing Guidelines, the Court will consider the factors set forth in Title 18, United States Code, Section 3553(a) in determining a reasonable sentence.

7. The Defendant, ON GUARD SECURITY SERVICES, INC., understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section

3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED.R.CRIM.P. 11(b)(3).

8.  The Defendant, ON GUARD SECURITY SERVICES, INC and its President, David W. Wall, Sr., understand that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's and Mr. Wall's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

9.  The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over

this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5-31-06
DATE

ON GUARD SECURITY SERVICES, INC.,
Defendant
By: David W. Wall, Sr., President

31 May 2006
DATE

R. Keith Kelly
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

June 1, 2006
DATE

BY: William C. Lucius
Assistant U. S. Attorney